IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | Criminal Action No. CCB-16-051 |
| v. | Civil Action No. CCB-21-202 |
| ANTONIO SHROPSHIRE | |

### MEMORANDUM

Antonio Shropshire was convicted by a jury of several drug-related offenses and on February 16, 2018, was sentenced to 300 months in prison. (ECF 353) His convictions were affirmed by the Fourth Circuit on June 24, 2020. (ECF 427-1). He filed a timely motion to vacate under 28 U.S.C. § 2255. (ECF 454) The government has filed a response (ECF 479), and Shropshire has filed a reply (ECF 480).[1] For the reasons explained below, the motion will be denied.

Shropshire first raises two issues related to the fact that certain papers he says he needed for trial preparation were removed from his cell: (A) the government interfered with his attorney/client relationship and his right to prepare for trial, and (B) the government interfered with his due process and right to choose whether to testify, in violation of his Sixth Amendment "autonomy" interest. From the representations made during the trial, it appears that jail officials learned from one or more recorded jail calls that Shropshire was discussing personal identification information for government witnesses with a third party. Out of concern for the witnesses' safety, the papers were removed from Shropshire's cell by jail officials and reviewed by a prosecutor in the U.S. Attorney's Office not connected with the case. These circumstances

---

[1] Shropshire also has filed several related motions for an evidentiary hearing (ECF 466), to disregard the government's opposition (ECF 475), and to compel a ruling (ECF 484).

are corroborated by Shropshire's affidavit explaining he was given a summary with names and dates of birth of witnesses which he later provided to his girlfriend on a phone call asking her to look them up on Maryland case search. (ECF 454, Ex. 3 at 2–3.)

The government proffered that all the documents were returned to Shropshire's counsel, with the exception of a document apparently prepared by a paralegal that contained the witnesses' personal information. (ECF 404 at 153.) Trial counsel Alfred Guillaume, who had been representing Shropshire since July 2017 (ECF 203), agreed that documents had been returned to him, which he returned to his client, but according to Shropshire, not all his notes were returned to him until after the trial. Even assuming that to be true, he has demonstrated nothing specific that would interfere with his due process or Sixth Amendment rights. He was represented by counsel, who properly had possession of the discovery material and was prepared to present Shropshire's case at trial. (ECF 399 at 228–29.) Shropshire has made no specific showing of any missing document that interfered with trial counsel's ability to prepare for trial and to represent Shropshire competently and effectively. He refers to two witnesses that might have been called (ECF 454 at 13–14) but does not identify them or explain why he would have waited until the eve of trial to advise his attorney of their names and contact information. Nor has he shown how any missing document interfered with his choice of whether to testify. The information he says he wanted to explain to the jury (ECF 454 at 12–13) was all information known to him at the time. Nor is there any evidence that the prosecutors trying the case against Shropshire had access to his notes or other documents. In summary, no constitutional violation has been proven.[2]

---

[2] The court does not rely on procedural default as a basis for resolving this issue.

Shropshire's third argument (C) is that his trial counsel was ineffective for failure to object to inadmissible testimony. He appears to focus on out-of-court statements made by co-conspirators and essentially raises a sufficiency of the evidence argument about the government's proof of a conspiracy. But that evidence was extremely strong, and the statements were admissible. *See, e.g.*, *U.S. v. Smith*, 441 F.3d 254, 261–62 (4th Cir. 2006) (affirming district court's admission of statements by co-conspirators). Any objection made by counsel would have been overruled, and counsel was not ineffective for failing to raise such objections.

Shropshire's fourth argument (D) is that Christopher Davis, the counsel who represented him from April 2017 through late July/early August of 2017, when Shropshire had again asked for a new attorney, failed to explain an "informal" plea offer made by the government. Failure to convey a plea offer may amount to ineffective assistance of counsel. *See, e.g.*, *Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice.") But it is not at all clear there ever was a formal offer from the government, and in any event the correspondence attached to Shropshire's motion indicates that Davis had several discussions with Shropshire about his guidelines, his option for cooperating, and the likelihood of a lengthy sentence if Shropshire were not willing to cooperate (ECF 454 Exs. 5–8.) Indeed, Shropshire in his affidavit states that he was dissatisfied with Davis because "all he wanted to talk about was me going to prison if I didn't cooperate with the government" and "I didn't want to cooperate with the government." (*See* ECF 454 Ex. 3, at 1; *see also* Attorney Inquiry Hearing Transcript, ECF 391 at 7.) For Shropshire now to assert that, if he had known

about the alleged informal offer for 10 years with cooperation,[3] he would have taken that deal, defies belief.

Shropshire's fifth argument (E) is that his appellate counsel was ineffective for failing to raise sentencing issues on direct appeal. He fails, however, to identify any meritorious issue that should have been raised, instead rearguing the evidence as to his involvement in the conspiracy and the drug quantity reasonably foreseeable to him.

Finally, as to the ineffective assistance issues, Shropshire has not shown prejudice as there is no reason to believe that the outcome of the trial would have been different but for counsels' alleged errors. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") An evidentiary hearing is not necessary to resolve the issues raised in this motion. Further, Shropshire has shown no basis for this court to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a *substantial showing* of the denial of a constitutional right.") (emphasis added); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the "substantial showing" standard).

A separate order follows.

  5/9/2022  
Date

/s/  
Catherine C. Blake  
United States District Judge

---

[3] Interestingly, Shropshire says the document setting forth the informal offer was not returned to him although the cover letter was. (ECF 454 at 25.)